# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**RAYMOND LINDSEY,**            Case No.: 8:23-cv-00398

     **Plaintiff,**

v.

**EMERALD COAST STRIPING, LLC,**

     **Defendant.**
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his complaint, Plaintiff states as follows:

### Parties

2. Plaintiff, Raymond Lindsey, is a resident of Pasco County, Florida.

3. Defendant, Emerald Coast Striping, LLC, operates as a road repair and service company in Pasco County, Florida.

4. Plaintiff was employed by Defendant as a manual laborer from approximately April 1, 2021, until August 28, 2022.

## Jurisdiction

5. Plaintiff resides in Pasco County, Florida.

6. Defendant conducts business in Pasco County, Florida.

7. Defendant employed Plaintiff in Pasco County, Florida.

8. All events giving rise to this action occurred in Pasco County, Florida.

## Facts

9. Defendant employed Plaintiff as a manual laborer.

10. Plaintiff was a non-exempt employee paid on a salary basis.

11. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

12. Defendant is a pavement repair company and provides related services in Pasco County, Florida.

13. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

14. During the first six months of Plaintiff's employment with Defendant, Defendant paid Plaintiff on an hourly basis at a rate of $20 per hour.

15. During the first six months of Plaintiff's employment, Plaintiff often work more than 50 hours in a single workweek. However, Defendant did not pay Plaintiff one-and-one-half times his regular rate when he worked more than 40 hours in a single workweek.

16. After six months of employment, Defendant began paying Plaintiff on a salary basis. Despite the change in payment method, Plaintiff's duties remained the same.

17. After converting from an hourly basis to a salary basis, Plaintiff continued to work more than 50 hours per week with regularity. Yet, Defendant did not pay Plaintiff overtime wages for all hours worked beyond 40 in a single workweek.

18. At all times during Plaintiff's employment, Plaintiff was a manual laborer who physically operated Defendant's pavement repair equipment. Plaintiff did not work in an office and instead performed manual and physical labor at Defendant's job sites.

19. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Pasco County, Florida.

20. During the majority of his employment, Plaintiff worked at least 50 hours per week.

21. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

22. Plaintiff was not subject to any overtime exemptions.

23. Defendant engaged in an illegal policy of requiring Plaintiff to work 50 or more hours in many workweeks of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

24. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

25. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

26. The overtime work performed by Plaintiff was worked in Defendant's facility in full view of Defendant's employees and managers.

27. Defendant failed, refused, and neglected to maintain an accurate record of the hours worked by Plaintiff despite the mandate contained in 29 C.F.R. § 516.

28. Plaintiff completed daily timesheets documenting the number of hours Plaintiff worked each day while employed by Defendant. Defendant is in exclusive possession of Plaintiff's timesheets.

29. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

30. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

31. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

32. Defendant is a for-profit corporation that operates and conducts business in, among others, Pasco County Florida, and is therefore, within the jurisdiction of the Court.

33. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that pavement repair industry services and required Plaintiff to regularly travel along highways and byways, repair highways and byways, and repair airport runways and taxiways. In fact, Defendant's facility is located inside of an airport.

34. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of unpaid overtime wages, liquidated damages, reasonable attorney's fees, and costs.

35. The Court has jurisdiction over Plaintiff's claims as material events transpired in Pasco County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

36. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the pavement repair. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

37. At all material times relevant to this action, Plaintiff in his capacity as a manual laborer, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, repairing highways, byways, and runways, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

38. Indeed, Plaintiff was regularly required to travel along interstate highways and make repairs to interstate highways and byways. Plaintiff was also required to repair airport runways.

39. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

40. Plaintiff did not manage two or more full-time employees during his employment with Defendant. Plaintiff did not have the authority to determine employees' pay, work hours, or job assignments. Plaintiff did not have the ability to interview, hire, or fire employees.

41. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

42. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, daily timesheets, and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

43. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

44. . Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-44, above.

46. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

47. Plaintiff was an hourly, non-exempt employee.

48. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

49. Plaintiff regularly worked beyond 40 hours in a single workweek.

50. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

51. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

52. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

53. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 22nd day of February, 2023.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com